1  GREGG A. THORNTON (SBN 146282)
   DANIELLE K. LEWIS (SBN 218274)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA  94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendants
   City of Newark, California;
6  Robert Douglas; Richard Lopez;
   and William (Bill) Shaffer

7



8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA        

10

11 SHIRIN NATALIE SHERVIN,          CASE NO.

12          Plaintiff,           08          1632

13      v.                               NOTICE OF REMOVAL OF ACTION
                                          UNDER 28 U.S.C. §1441(b)
14 CITY OF NEWARK, CALIFORNIA;            (FEDERAL QUESTION)
   ROBERT DOUGLAS; RICHARD LOPEZ;
15 WILLIAM (BILL) SHAFFER; and DOES
   1 to 100, inclusive,
16
          Defendants.
17

18

19      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20      PLEASE TAKE NOTICE that defendants City of Newark,

21 California; Robert Douglas; Richard Lopez; and William (Bill)

22 Shaffer (hereafter referred to collectively as "NEWARK" or

23 "defendants") hereby removes to this Court the state court action

24 described below.

25      1.   On January 31, 2008 an action was commenced in the

26 Superior Court of the State of California in and for the County

27 of Alameda, entitled Shirin Natalie Shervin, plaintiff v. City of

28 Newark, California; Robert Douglas; Richard Lopez; and William

                              1

Selman Breitman LLP
ATTORNEYS AT LAW

1  (Bill) Shaffer, defendants as case number HG08368932.  A true and

2  correct copy of that complaint is attached hereto as Exhibit "A".

3      2.   The first date upon which defendant City of Newark,

4  California received a copy of the said complaint was on March 19,

5  2008, when defendants were served with a copy of the said

6  complaint and a summons from the said state court.  A copy of the

7  summons is attached hereto as Exhibit "B".

8      3.   This action is a civil action of which the Court has

9  original jurisdiction under 28 U.S.C. §1331, and is one which may

10 be removed to this Court by defendants pursuant to the provisions

11 of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §1983.

12     4.   Defendant City of Newark, California is informed and

13 believes that, as of March 26, 2008, plaintiff has not served co-

14 defendants Robert Douglas, Richard Lopez and William (Bill)

15 Shaffer.  As of March 26, 2008, plaintiff has not filed a Proof

16 of Service as to co-defendants with state court.

17

18 DATED: March 2b , 2008    SELMAN BREITMAN LLP

19

20

21                        By: _____
                               GREGG A. THORNTON
22                             DANIELLE K. LEWIS
                               Attorneys for Defendants
23                             CITY OF NEWARK, CALIFORNIA;
                               ROBERT DOUGLAS; RICHARD LOPEZ;
24                             AND WILLIAM (BILL) SHAFFER

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

148496.1 555.24981

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

# EXHIBIT A

1  JAMES P. SWANSEEN, ESQ.
   Attorney at Law
2  (State Bar No. 159918)
   43 Dowitcher Way
3  San Rafael, CA  94901
   (415) 571-6403

4  Attorney for Plaintiff
   SHIRIN NATALIE SHERVIN
5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10                    UNLIMITED JURISDICTION

11

12  SHIRIN NATALIE SHERVIN,        )    CASE NO.  **H G 0 8 3 6 8 9 3 2**
                                   )
13      Plaintiff,                 )    COMPLAINT FOR DAMAGES
                                   )
14  v.                             )
                                   )
15  CITY OF NEWARK, CALIFORNIA;    )
    ROBERT DOUGLAS; RICHARD LOPEZ; )
16  WILLIAM (BILL) SHAFFER;        )
    and DOES 1 to 100, inclusive,  )
17                                 )
        Defendants.                )
18  _____    )

19

20       COMES NOW plaintiff SHIRIN NATALIE SHERVIN and alleges as follows:

21                    FIRST CAUSE OF ACTION
                      <u>(Use of Excessive Force)</u>

22       1.    Plaintiff is an 18-year-old female, born December 16, 1989,

23  who was 16 years of age on the date of the December 7, 2006, incident

24  that is the subject of this Complaint.  Plaintiff is a natural person

    and a U.S. citizen who resides in Marin County, California.
25
         2.    Defendant CITY OF NEWARK, CALIFORNIA (hereinafter referred to
26
    as "CITY OF NEWARK") is, and at all times mentioned herein was, a
27
    municipal corporation duly organized under the laws of the State of
28
    California, situated in the County of Alameda.

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

-1-

SHERs_P_01.wpd                    Complaint for Damages

3.    Defendants ROBERT DOUGLAS (Badge No. S9), RICHARD LOPEZ (Badge No. 77), and WILLIAM (BILL) SHAFFER (Badge No. 46) are individuals who at all times mentioned herein were employees of defendant CITY OF NEWARK, employed as police officers, and in doing the acts described herein were acting within the scope of their employment.

4.    Defendants DOE 1 through DOE 100, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this Complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

6.    Plaintiff is required to comply, and has complied, with applicable claims statutes.

7.    This Court is the court of proper jurisdiction because the injury to plaintiff which is the subject of this Complaint occurred within the County of Alameda, California.

8.    On or about December 7, 2006, at approximately 11:00 a.m.,

-2-

1  plaintiff was on the back deck of a house belonging to a friend,

2  Hooshang Bastan, at 5158 Hebrides Court, Newark, California.

3      9.   Plaintiff's father, Amir Shervin, then age 66, was with

4  plaintiff at that time.

5      10.   On December 7, 2006, plaintiff, at 5' tall and weighing less

6  than 100 lbs., was 16 years old.

7      11.   At that time and place, three members of the Newark Police

8  Department, believed to be the named defendants ROBERT DOUGLAS, RICHARD

9  LOPEZ, and WILLIAM (BILL) SHAFFER herein, approached plaintiff and her

10  father while they were on the above-referenced back deck of the

11  5158 Hebrides Court residence.

12      12.   As the named defendant officers approached plaintiff's

13  father, he said to them, "Good morning, officers.  Merry Christmas."

14      13.   Plaintiff was later informed and believes that the officers

15  were executing an arrest warrant, naming plaintiff's father, that was

16  issued out of San Francisco.

17      14.   However, at the time the three named defendant police

18  officers approached plaintiff and her father, as related above, said

19  officers never stated to plaintiff's father that he was under arrest or

20  gave any reason to plaintiff or her father for the officers' ensuing

21  conduct.

22      15.   Instead, Officer DOUGLAS grabbed her father's right hand and

23  twisted it behind her father's back.

24      16.   At the same time, one of the other two named defendant

25  officers grabbed her father's left hand and twisted it behind her

26  father's back as well.

27      17.   As her father asked what was going on, one or more of the

28  named defendant police officers kicked her father's feet out from under

-3-

1  him, causing him to land on the back of his head and his back, with his

2  arms behind him.

3      18.   As a result of the excessive force used by the named

4  defendant officers, and each of them, and fearing for her father's

5  safety and well-being, plaintiff ran to one of the named defendant

6  officers and tried to push him off her father.

7      19.   Plaintiff was thrown to the ground by one or more of the

8  named defendant officers, and one of said officers, who plaintiff

9  estimates weighed about 250 lbs., then sat on her, causing extreme pain

10  to her head, neck, and body.

11      20.   Plaintiff saw her father dragged from the back deck of the

12  5158 Hebrides Court residence by his arms; his hands were handcuffed

13  behind his back.

14      21.   At no time did plaintiff see her father attempt to resist

15  arrest or to make any combative or threatening gestures toward any of

16  the named defendant officers.

17      22.   The named defendant officers, and each of them, never stated

18  their intentions to plaintiff's father before grabbing him and throwing

19  him to the ground.

20      23.   One or more of the named defendant officers handcuffed

21  plaintiff and took her away by police car.

22      24.   In doing the acts alleged above, the named defendant police

23  officers, and each of them, acted with intent to make contact with

24  plaintiff's person.

25      25.   At no time did plaintiff consent to any of the acts of the

26  named defendant police officers alleged above.

27      26.   As a proximate cause of the excessive force used on plaintiff

28  by the named defendant police officers, and each of them, plaintiff

-4-

1 suffered injuries to her head, neck, and body.  Plaintiff was hurt and

2 injured in health, strength, and activity, sustaining injury to her

3 nervous system and person which continues to cause plaintiff great

4 mental, physical, emotional, and nervous pain and suffering to this day.

5     27.  Plaintiff witnessed the acts of excessive force upon her

6 father and the resulting physical and distress to him.  As a result,

7 plaintiff also has suffered emotional distress due to seeing her

8 father's ongoing residual emotional distress, which continues to this

9 date.  The acts of the named defendant officers, and each of them, in

10 the use of this excessive force, that were done in plaintiff's presence

11 are a foreseeable result of the intentional conduct of the officers, and

12 therefore such injury is a foreseeable result of that force.

13     28.  As a further, proximate result of the acts of the named

14 defendant police officers, and each of them, plaintiff has incurred, is

15 incurring, and will continue to incur medical and related expenses, the

16 full amount of which expenses is not known to plaintiff at this time.

17     29.  The aforementioned conduct of the named defendant police

18 officers, and each of them, was willful and malicious and was intended

19 to oppress and cause injury to plaintiff.  Plaintiff is therefore

20 entitled to an award of punitive damages.

21 SECOND CAUSE OF ACTION<br/>(Violation of Fourth Amendment Rights)

22

23     30.  Plaintiff hereby repleads the foregoing paragraphs 1 through

24 29, inclusive, and incorporates them as though they were fully set forth

herein.

25

26     31.  Plaintiff's Second Cause of Action arises under 42 U.S.C.

27 § 1983 against defendants, and each of them, for violation of

28 plaintiff's Fourth Amendment right to be free from excessive force

1 | during a personal seizure.

2 |     32.   This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3 |     33.   At all times herein mentioned, named defendants DOUGLAS,

4 | LOPEZ, and SHAFFER were law-enforcement officers employed by the Newark

5 | Police Department and, in doing all the things mentioned herein, acted

6 | under color of state law.

7 |     34.   At all times herein mentioned, named defendants DOUGLAS,

8 | LOPEZ, and SHAFFER were acting within the scope of their employment with

9 | defendant CITY OF NEWARK.

10 |     35.   Paragraphs 8 through 25, above, establish the use of

11 | excessive force by defendants, and each of them, in violation of the

12 | Fourth Amendment to the U.S. Constitution.

13 |     36.   As a direct and proximate result of the actions described

14 | herein of defendants, and each of them, plaintiff has suffered the

15 | injury, loss, and damages set forth in paragraphs 26 through 29,

16 | inclusive.

17 |     37.   In acting as alleged in this Second Cause of Action,

18 | defendants, and each of them, acted knowingly, willfully, and

19 | maliciously and with reckless and callous disregard for plaintiff's

20 | federally protected rights.

21 | **PRAYER**

22 |     WHEREFORE, plaintiff prays judgment on the above causes of action

23 | against defendants, and each of them, as follows:

24 | First Cause of Action

25 |     As to the First Cause of Action, plaintiff prays:

26 |     1.   For general damages according to proof.

27 |     2.   For medical and related expenses, including for professional

28 | psychiatric and/or psychological counseling, according to proof.

-6-

3.    For lost earnings, past and future, according to proof.

4.    For punitive damages.

5.    For interest as allowed by law.

6.    For costs of suit incurred in this action.

7.    For such other and further relief as the Court deems proper.

                        Second Cause of Action

As to the Second Cause of Action, plaintiff prays:

1.    For compensatory damages, in an amount to be determined according to proof at trial.

2.    For punitive damages, in an amount to be determined according to proof at trial.

3.    For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

4.    For costs of suit incurred in this action.

5.    For such other and further relief as the Court deems proper.

                                    Respectfully submitted,

Dated: _____1/29/08_____    _____
                                    James P. Swanseen
                                    Attorney for Plaintiff SHIRIN
                                    NATALIE SHERVIN

<u>VERIFICATION</u>

1

2     I, SHIRIN NATALIE SHIRVIN, am the plaintiff in the above-

3 entitled action.  I have read the foregoing Complaint for Damages

4 and know the contents thereof.  The same is true of my own

5 knowledge, except as to those matters which are therein alleged on

6 information and belief, and as to those matters, I believe it to

7 be true.

8     Executed at San Rafael, California, on January <u>28</u>, 2008.

9     I declare under penalty of perjury under the laws of the

10 State of California that the foregoing is true and correct.

11

12                                    *Shirin Natalie Shervin*
                                       Shirin Natalie Shervin
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHERs_P_01.wpd                    Complaint for Damages

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS;
RICHARD LOPEZ; WILLIAM (BILL) SHAFFER;
and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHIRIN NATALIE SHERVIN

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**E N D O R S E D
F I L E D
ALAMEDA COUNTY**

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

</td></tr>
</table>


RECEIVED
MAR 1 9 2008
By R. Mar

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  ~~Fremont Hall of Justice~~ HAYWARD HALL OF JUSTICE
~~39439 Paseo Padre Parkway~~ 24405 AMADOR
~~Fremont, CA 94538~~ HAYWARD, CA

CASE NUMBER:
*(Número del Caso)* **RG08368932**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James P. Swanseen, Esq. (SBN 159918), 43 Dowitcher Way, San Rafael, CA  94901
(415) 571-2603

| DATE: | ~~JAN 31 2008~~  PAT SWEETEN | CECILIA ANCHUNDO | |
|---|---|---|---|
| *(Fecha)* | EXECUTIVE OFFICER/CLERK | Clerk, by _____ | , Deputy |
| | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):* CITY OF NEWARK, CA

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
    ☒ other *(specify):* MUNICIPAL CORPORATION
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com