1 | GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
2 | SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
3 | San Francisco, CA 94105
Telephone: (415) 979-0400
4 | Facsimile: (415) 979-2099

5 | Attorneys for Defendants
City of Newark, California;
6 | Robert Douglas; Richard Lopez;
and William (Bill) Shaffer

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

11 | SHIRIN NATALIE SHERVIN,                   CASE NO.  CV 08 1632 EMC

12 |          Plaintiff,

13 |     v.                                   **CERTIFICATE OF SERVICE OF NOTICE
                                             TO ADVERSE PARTY OF REMOVAL TO**
14 | CITY OF NEWARK, CALIFORNIA;             **FEDERAL COURT**
ROBERT DOUGLAS; RICHARD LOPEZ;
15 | WILLIAM SHAFFER; and DOES 1 to
100, inclusive,
16
         Defendants.
17

18

19 |     Danielle K. Lewis certifies and declares as follows:

20 |     I am over the age of 18 years and not a party to this

21 | action.

22 |     My business address is Selman Breitman, LLP, 33 New

23 | Montgomery Street, 6th Floor, San Francisco, California 94105,

24 | which is located in the city, county and state where the mailing

25 | described below took place.

26 |     On March 27, 2008, I deposited in the United States Mail at

27 | San Francisco, California, a copy of the Notice to Adverse Party

28 | ///

148499.1 555.24981

Selman Breitman LLP
ATTORNEYS AT LAW

1    of Removal to Federal Court dated March 27, 2008 a copy of which

2    is attached to this Certificate.

3        I declare under penalty of perjury that the foregoing is

4    true and correct.

5        Executed this 20th day of March 2008, at San Francisco,

6    California.

7

8                                    By: _Danielle K Lewis_

9                                        DANIELLE K. LEWIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

148499.1 555.24981

Certificate of Service of Notice to Adverse Party of Removal to Federal Court
CV 08 1632 EMC

1    GREGG A. THORNTON (SBN 146282)
2    DANIELLE K. LEWIS (SBN 218274)
     SELMAN BREITMAN LLP
3    33 New Montgomery, Sixth Floor
     San Francisco, CA  94105
     Telephone: (415) 979-0400
4    Facsimile:  (415) 979-2099

5    Attorneys for Defendants
     City of Newark, California; Robert Douglas;
6    Richard Lopez; and William (Bill) Shaffer

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF ALAMEDA - UNLIMITED JURISDICTION

10

11   SHIRIN NATALIE SHERVIN,              CASE NO.  HG08368932

12              Plaintiff,                **NOTICE TO ADVERSE PARTY OF**
                                          **REMOVAL TO FEDERAL COURT**
13        v.

14   CITY OF NEWARK, CALIFORNIA;
     ROBERT DOUGLAS; RICHARD LOPEZ;
15   WILLIAM (BILL) SHAFFER; and DOES 1 to
     100, inclusive,
16
                Defendants.
17

18        TO PLAINTIFF SHIRIN NATALIE SHERVIN AND HER ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

20   United States District Court for the Northern District of California on March 26, 2008, under

21   Federal Case Number CV 08 1632 EMC.

22        A copy of the Notice of Removal of Action with exhibits, and all related documents

23   pursuant to Civil Local Rule 4-2 and Federal Rule of Civil Procedure 4 and 5, are attached to this

24   Notice, and are served and filed herewith.

25   / / /

26   / / /

27   / / /

28   / / /

148507.1 555.24981

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

1   DATED: March 27, 2008          SELMAN BREITMAN LLP

2

3                                  By: _____
                                       GREGG A. THORNTON
4                                      DANIELLE K. LEWIS
                                       Attorneys for Defendants
5                                      City of Newark, California; Robert Douglas;
                                       Richard Lopez; and William (Bill) Shaffer
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

148507.1 555.24981

2

Selman Breitman LLP
ATTORNEYS AT LAW

1  GREGG A. THORNTON (SBN 146282)
2  DANIELLE K. LEWIS (SBN 218274)
   SELMAN BREITMAN LLP
3  33 New Montgomery, Sixth Floor
   San Francisco, CA  94105
4  Telephone: .(415) 979-0400
   Facsimile: (415) 979-2099

5  Attorneys for Defendants
   City of Newark, California;
6  Robert Douglas; Richard Lopez;
   and William (Bill) Shaffer
7



8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  SHIRIN NATALIE SHERVIN,           CASE NO.

12        Plaintiff,            08          1632

13     v.                             NOTICE OF REMOVAL OF ACTION
                                      UNDER 28 U.S.C. §1441(b)
14  CITY OF NEWARK, CALIFORNIA;       (FEDERAL QUESTION)
    ROBERT DOUGLAS; RICHARD LOPEZ;
15  WILLIAM (BILL) SHAFFER; and DOES
    1 to 100, inclusive,
16
          Defendants.
17

18

19      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20      PLEASE TAKE NOTICE that defendants City of Newark,

21  California; Robert Douglas; Richard Lopez; and William (Bill)

22  Shaffer (hereafter referred to collectively as "NEWARK" or

23  "defendants") hereby removes to this Court the state court action

24  described below.

25      1.   On January 31, 2008 an action was commenced in the

26  Superior Court of the State of California in and for the County

27  of Alameda, entitled Shirin Natalie Shervin, plaintiff v. City of

28  Newark, California; Robert Douglas; Richard Lopez; and William

                              1

148496.1 555.24981

Selman Breitman LLP
ATTORNEYS AT LAW

1   (Bill) Shaffer, defendants as case number HG08368932.  A true and

2   correct copy of that complaint is attached hereto as Exhibit "A".

3       2.   The first date upon which defendant City of Newark,

4   California received a copy of the said complaint was on March 19,

5   2008, when defendants were served with a copy of the said

6   complaint and a summons from the said state court.  A copy of the

7   summons is attached hereto as Exhibit "B".

8       3.   This action is a civil action of which the Court has

9   original jurisdiction under 28 U.S.C. §1331, and is one which may

10   be removed to this Court by defendants pursuant to the provisions

11   of 28 U.S.C. §1441(b) in that it arises under 42 U.S.C. §1983.

12       4.   Defendant City of Newark, California is informed and

13   believes that, as of March 26, 2008, plaintiff has not served co-

14   defendants Robert Douglas, Richard Lopez and William (Bill)

15   Shaffer.  As of March 26, 2008, plaintiff has not filed a Proof

16   of Service as to co-defendants with state court.

DATED: March 26, 2008     SELMAN BREITMAN LLP

By: _Danielle K. Lewis_____
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
AND WILLIAM (BILL) SHAFFER

Selman Breitman LLP
ATTORNEYS AT LAW

148496.1 555.24981

NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)

# EXHIBIT A

1  JAMES P. SWANSEEN, ESQ.
   Attorney at Law
2  (State Bar No. 159918)
   43 Dowitcher Way
3  San Rafael, CA  94901
   (415) 571-6403
4
   Attorney for Plaintiff
5  SHIRIN NATALIE SHERVIN

ENDORSED
FILED
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10                      UNLIMITED JURISDICTION

11

12  SHIRIN NATALIE SHERVIN,        )    CASE NO. **HG 08 368 9 32**
                                   )
13           Plaintiff,            )    COMPLAINT FOR DAMAGES
                                   )
14  v.                             )
                                   )
15  CITY OF NEWARK, CALIFORNIA;    )
    ROBERT DOUGLAS; RICHARD LOPEZ; )
16  WILLIAM (BILL) SHAFFER;        )
    and DOES 1 to 100, inclusive,  )
17                                 )
             Defendants.           )
18  _____ )

19

20       COMES NOW plaintiff SHIRIN NATALIE SHERVIN and alleges as follows:

                         FIRST CAUSE OF ACTION
21                      (Use of Excessive Force)

22       1.   Plaintiff is an 18-year-old female, born December 16, 1989,

23  who was 16 years of age on the date of the December 7, 2006, incident

24  that is the subject of this Complaint.  Plaintiff is a natural person

25  and a U.S. citizen who resides in Marin County, California.

26       2.   Defendant CITY OF NEWARK, CALIFORNIA (hereinafter referred to

27  as "CITY OF NEWARK") is, and at all times mentioned herein was, a

28  municipal corporation duly organized under the laws of the State of

    California, situated in the County of Alameda.

                                   -1-

3.   Defendants ROBERT DOUGLAS (Badge No. S9), RICHARD LOPEZ (Badge No. 77), and WILLIAM (BILL) SHAFFER (Badge No. 46) are individuals who at all times mentioned herein were employees of defendant CITY OF NEWARK, employed as police officers, and in doing the acts described herein were acting within the scope of their employment.

4.   Defendants DOE 1 through DOE 100, inclusive, are sued herein under fictitious names.  Their true names and capacities are unknown to plaintiff.  When their true names and capacities are ascertained, plaintiff will amend this Complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this Complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

5.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of this agency and employment.

6.   Plaintiff is required to comply, and has complied, with applicable claims statutes.

7.   This Court is the court of proper jurisdiction because the injury to plaintiff which is the subject of this Complaint occurred within the County of Alameda, California.

8.   On or about December 7, 2006, at approximately 11:00 a.m.,

-2-

1  plaintiff was on the back deck of a house belonging to a friend,

2  Hooshang Bastan, at 5158 Hebrides Court, Newark, California.

3      9.    Plaintiff's father, Amir Shervin, then age 66, was with

4  plaintiff at that time.

5      10.   On December 7, 2006, plaintiff, at 5' tall and weighing less

6  than 100 lbs., was 16 years old.

7      11.   At that time and place, three members of the Newark Police

8  Department, believed to be the named defendants ROBERT DOUGLAS, RICHARD

9  LOPEZ, and WILLIAM (BILL) SHAFFER herein, approached plaintiff and her

10 father while they were on the above-referenced back deck of the

11 5158 Hebrides Court residence.

12     12.   As the named defendant officers approached plaintiff's

13 father, he said to them, "Good morning, officers.  Merry Christmas."

14     13.   Plaintiff was later informed and believes that the officers

15 were executing an arrest warrant, naming plaintiff's father, that was

16 issued out of San Francisco.

17     14.   However, at the time the three named defendant police

18 officers approached plaintiff and her father, as related above, said

19 officers never stated to plaintiff's father that he was under arrest or

20 gave any reason to plaintiff or her father for the officers' ensuing

21 conduct.

22     15.   Instead, Officer DOUGLAS grabbed her father's right hand and

23 twisted it behind her father's back.

24     16.   At the same time, one of the other two named defendant

25 officers grabbed her father's left hand and twisted it behind her

26 father's back as well.

27     17.   As her father asked what was going on, one or more of the

28 named defendant police officers kicked her father's feet out from under

-3-

1  him, causing him to land on the back of his head and his back, with his

2  arms behind him.

3      18.   As a result of the excessive force used by the named

4  defendant officers, and each of them, and fearing for her father's

5  safety and well-being, plaintiff ran to one of the named defendant

6  officers and tried to push him off her father.

7      19.   Plaintiff was thrown to the ground by one or more of the

8  named defendant officers, and one of said officers, who plaintiff

9  estimates weighed about 250 lbs., then sat on her, causing extreme pain

10  to her head, neck, and body.

11     20.   Plaintiff saw her father dragged from the back deck of the

12  5158 Hebrides Court residence by his arms; his hands were handcuffed

13  behind his back.

14     21.   At no time did plaintiff see her father attempt to resist

15  arrest or to make any combative or threatening gestures toward any of

16  the named defendant officers.

17     22.   The named defendant officers, and each of them, never stated

18  their intentions to plaintiff's father before grabbing him and throwing

19  him to the ground.

20     23.   One or more of the named defendant officers handcuffed

21  plaintiff and took her away by police car.

22     24.   In doing the acts alleged above, the named defendant police

23  officers, and each of them, acted with intent to make contact with

24  plaintiff's person.

25     25.   At no time did plaintiff consent to any of the acts of the

26  named defendant police officers alleged above.

27     26.   As a proximate cause of the excessive force used on plaintiff

28  by the named defendant police officers, and each of them, plaintiff

-4-

1   suffered injuries to her head, neck, and body.  Plaintiff was hurt and

2   injured in health, strength, and activity, sustaining injury to her

3   nervous system and person which continues to cause plaintiff great

4   mental, physical, emotional, and nervous pain and suffering to this day.

5       27.   Plaintiff witnessed the acts of excessive force upon her

6   father and the resulting physical and distress to him.  As a result,

7   plaintiff also has suffered emotional distress due to seeing her

8   father's ongoing residual emotional distress, which continues to this

9   date.   The acts of the named defendant officers, and each of them, in

10  the use of this excessive force, that were done in plaintiff's presence

11  are a foreseeable result of the intentional conduct of the officers, and

12  therefore such injury is a foreseeable result of that force.

13      28.   As a further, proximate result of the acts of the named

14  defendant police officers, and each of them, plaintiff has incurred, is

15  incurring, and will continue to incur medical and related expenses, the

16  full amount of which expenses is not known to plaintiff at this time.

17      29.   The aforementioned conduct of the named defendant police

18  officers, and each of them, was willful and malicious and was intended

19  to oppress and cause injury to plaintiff.  Plaintiff is therefore

20  entitled to an award of punitive damages.

21                      SECOND CAUSE OF ACTION
                 (Violation of Fourth Amendment Rights)
22

23      30.   Plaintiff hereby repleads the foregoing paragraphs 1 through

24  29, inclusive, and incorporates them as though they were fully set forth

    herein.
25

26      31.   Plaintiff's Second Cause of Action arises under 42 U.S.C.

27  § 1983 against defendants, and each of them, for violation of

28  plaintiff's Fourth Amendment right to be free from excessive force

                              -5-

1   during a personal seizure.

2       32.   This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3       33.   At all times herein mentioned, named defendants DOUGLAS,

4   LOPEZ, and SHAFFER were law-enforcement officers employed by the Newark

5   Police Department and, in doing all the things mentioned herein, acted

6   under color of state law.

7       34.   At all times herein mentioned, named defendants DOUGLAS,

8   LOPEZ, and SHAFFER were acting within the scope of their employment with

9   defendant CITY OF NEWARK.

10      35.   Paragraphs 8 through 25, above, establish the use of

11  excessive force by defendants, and each of them, in violation of the

12  Fourth Amendment to the U.S. Constitution.

13      36.   As a direct and proximate result of the actions described

14  herein of defendants, and each of them, plaintiff has suffered the

15  injury, loss, and damages set forth in paragraphs 26 through 29,

16  inclusive.

17      37.   In acting as alleged in this Second Cause of Action,

18  defendants, and each of them, acted knowingly, willfully, and

19  maliciously and with reckless and callous disregard for plaintiff's

20  federally protected rights.

21                          **PRAYER**

22      WHEREFORE, plaintiff prays judgment on the above causes of action

23  against defendants, and each of them, as follows:

24                    First Cause of Action

25      As to the First Cause of Action, plaintiff prays:

26      1.   For general damages according to proof.

27      2.   For medical and related expenses, including for professional

28  psychiatric and/or psychological counseling, according to proof.

-6-

3.    For lost earnings, past and future, according to proof.

4.    For punitive damages.

5.    For interest as allowed by law.

6.    For costs of suit incurred in this action.

7.    For such other and further relief as the Court deems proper.

Second Cause of Action

As to the Second Cause of Action, plaintiff prays:

1.    For compensatory damages, in an amount to be determined according to proof at trial.

2.    For punitive damages, in an amount to be determined according to proof at trial.

3.    For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

4.    For costs of suit incurred in this action.

5.    For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: _____1/29/08_____

James P. Swanseen
Attorney for Plaintiff SHIRIN
NATALIE SHERVIN

SHERs_P_01.wpd                    Complaint for Damages

<u>VERIFICATION</u>

I, SHIRIN NATALIE SHIRVIN, am the plaintiff in the above-entitled action. I have read the foregoing Complaint for Damages and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

Executed at San Rafael, California, on January 28 , 2008.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

<span style="margin-left:50%">Shirin Natalie Shervin</span>
<span style="margin-left:50%">Shirin Natalie Shervin</span>

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS;
RICHARD LOPEZ; WILLIAM (BILL) SHAFFER;
and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHIRIN NATALIE SHERVIN

RECEIVED
MAR 19 2008
By R. ___

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**E N D O R S E D**
**F I L E D**
ALAMEDA COUNTY

JAN 3 1 2008

CLERK OF THE SUPERIOR COURT
By Cecilia Anchundo, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
~~Fremont Hall of Justice~~      HAYWARD HALL OF JUSTICE
~~39439 Paseo Padre Parkway~~  24405 AMADOR
~~Fremont, CA 94538~~              HAYWARD, CA

CASE NUMBER:
*(Número del Caso):* R G 0 8 3 6 8 9 3 2

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James P. Swanseen, Esq. (SBN 159918), 43 Dowitcher Way, San Rafael, CA  94901
(415) 571-2003

DATE:   JAN 31 2008       PAT SWEETEN                         CECILIA ANCHUNDO
*(Fecha)*                       EXECUTIVE OFFICER/CLERK    Clerk, by _____ , Deputy
                                                                              *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [ ]  on behalf of *(specify):* CITY OF NEWARK, CA

    under: [ ] CCP 416.10 (corporation)                    [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)            [ ] CCP 416.70 (conservatee)
            [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
            [X] other *(specify):* MUNICIPAL CORPORATION
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SHIRIN N. SHERVIN,

Plaintiff (s),

v.

NEWARK CITY OF,

Defendant(s).

No. C 08-01632 EMC

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Edward M. Chen.
When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all
other parties a copy of this order , the Notice of Assignment of Case to a United States
Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must
comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution
(ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize
themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern
District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited
number of printed copies are available from the Clerk's Office for parties in cases not subject to the
court's Electronic Case Filing program (ECF).

### CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 3/26/2008 | Notice of removal filed | |
| 6/11/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 6/25/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 7/2/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom C,15th Floor,SF at 1:30 PM | Civil L.R. 16-10 |

* If the Initial Case Management Conference is continued, the other deadlines are continued
accordingly.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN CASES
ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE EDWARD M. CHEN**
(8/9/07)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and orders are supplemented and modified as follows:

**A.    STANDING ORDER RE MOTIONS AND CONFERENCES**

1.    Criminal Law and Motion is heard on Wednesdays at 9:30 a.m. Civil Law and Motion is heard on Wednesdays at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Case Management Conferences are heard on Wednesdays at 1:30 p.m. Pretrial Conferences are heard on Wednesdays at 3:00 p.m.

3.    In cases that are randomly assigned to Judge Chen for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

4.    All scheduling questions should be addressed to Judge Chen's courtroom deputy, Betty Fong, at (415) 522-2034.

5.    Law and motion matters may be submitted without argument upon stipulation of the parties and notification of the Court no later than two (2) court days before the hearing.

6.    **In all "E-Filing" cases, when filing papers that require the Court to take any action (e.g. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hole punch paper (including all exhibits) by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "EMC Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Edward M. Chen," and "E-Filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's**

Office that has already been filed electronically. **A proposed order in an E-Filing case must be emailed to cmcpo@cand.uscourts.gov as a WordPerfect attachment on the same day that it is E-Filed.** With permission, Chambers' copes of documents may be submitted on CD-ROM with hypertext links to exhibits.

7.      The Court can no longer supply a court reporter. If you wish to have this hearing recorded by a court reporter rather than by electronic means, please arrange this privately.

### B.      STANDING ORDER RE DISCOVERY DISPUTES

This Standing Order applies to all disclosures and discovery motions assigned to Judge Chen and is intended to supplement the Civil Local Rules of this District regarding motion practice (Civil L. R. 7-1 et seq.) and the resolution of disclosure or discovery disputes (Civil L. R. 37-1 et seq.).

8.      Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than thirty-five (35) days notice pursuant to Civil L. R. 7-2. Alternatively, any party may seek an order shortening time under Civil L. R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L. R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L. R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L. R. 37-1(a).

9.      Motions for sanctions shall be filed by separate motion in accordance with the Fed. R. Civ. P. 37 and Civil L. R. 37-3. The parties shall comply with their meet and confer obligations pursuant to Civil L. R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions pursuant to Civil L. R. 37-3.

10.     Any party filing an Emergency or Ex Parte Application **must** contact Judge Chen's courtroom deputy clerk, Betty Fong, at 415/522-2034.

### PRODUCTION OF DOCUMENTS

11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

12.    In searching for responsive materials in connection with a request under Fed. R. Civ. P. 34, parties must search computerized files, emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

13.    Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication; (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication; (c) the date of the communication; and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion may be deemed a waiver of the privilege or protection.

14.    To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15.    As soon as a party has notice of this order, the party shall take such reasonable steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

16.    Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made.

## DEPOSITIONS

17.    Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or

a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least twenty (20) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within twenty (20) days of the date noticed by the party seeking the deposition.

18.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

## SANCTIONS

19.    Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed. R. Civ. P. 16(f), Civil L. R. 1-4.
copy.

_____
Edward M. Chen
United States Magistrate Judge

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.   Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.   There are no filing fees once a case has been opened.

12.   New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.   Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.   Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.   A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.   The Clerk's Office can only accept payment by **<u>exact change or check</u>** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.   Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.   We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### DROP BOX FILING PROCEDURES

1.      The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2.      The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3.      Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4.      After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5.      If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY:   (NAME, FIRM)** ." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6.      A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7.      Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT OF CASE

TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge

EDWARD M. CHEN

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK


By: Deputy Clerk

MARY ANN BUCKLEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

Plaintiff(s),                    CONSENT TO PROCEED BEFORE A
                                 UNITED STATES MAGISTRATE JUDGE

v.

Defendant(s).

CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

                                 _____
                                 Signature

                                 Counsel for _____
                                 (Plaintiff, Defendant or indicate "pro se")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C

|  |  |
|---|---|
| Plaintiff(s), | **DECLINATION TO PROCEED BEFORE A MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE** |
| v. |  |
| Defendant(s). / |  |

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to a United States District Judge.

Dated: _____

Signature_____

Counsel for _____
(Plaintiff, Defendant, or indicate "pro se")




CV 08        1632

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all parties** in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

Version 5/14/2007

**<u>Submitting Initiating Documents</u>**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**<u>Converting Documents to PDF</u>**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**

Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

**PROOF OF SERVICE**

Shirin Natalie Shervin v. City of Newark, et al.

Superior Court of California, County of Alameda Case No. HG08368932

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **March 27, 2008**, I served the following document(s) described as **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

James P. Swanseen, Esq.                    Attorney For Plaintiff SHIRIN
Attorney at Law                            NATALIE SHERVIN
43 Dowitcher Way
San Rafael, CA 94901
Tel: (415) 571-6403

[X] **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

[ ] **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[ ] **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

[ ] **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 27, 2008**, at San Francisco, California.

DANIELLE K. LEWIS

1

## **PROOF OF SERVICE**

Shirin Natalie Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. CV 08 1632 EMC

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **March 28, 2008**, I served the following document(s) described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James P. Swanseen, Esq.<br>Attorney at Law<br>43 Dowitcher Way<br>San Rafael, CA 94901<br>Tel: (415) 571-6403 | Attorney For Plaintiff SHIRIN<br>NATALIE SHERVIN |

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐   **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 28, 2008**, at San Francisco, California.

_Laura Talesnik_
LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW

148672.1  555.24981

1