GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
City of Newark, California;
Robert Douglas; Richard Lopez;
and William (Bill) Shaffer

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIRIN NATALIE SHERVIN,

Plaintiff,

v.

CITY OF NEWARK, CALIFORNIA; ROBERT DOUGLAS; RICHARD LOPEZ; WILLIAM SHAFFER; and DOES 1 to 100, inclusive,

Defendants.

CASE NO. CV 08 1632 VRW

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEWARK'S MOTION TO DISMISS**

**FRCP 12(b)(6)**

Date : June 5, 2008
Time : 2:30 p.m.
Ctrm : 6
Judge: Hon. Vaughn R. Walker

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........ 1

II. PLAINTIFF'S FACTUAL ALLEGATIONS ........ 1

III. POINTS AND AUTHORITIES ........ 3

A. LEGAL STANDARDS ........ 3

B. PLAINTIFF SHIRIN SHERVIN HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HER CLAIMS AGAINST CITY OF NEWARK ........ 3

1. Plaintiff's Claim for Use of Excessive Force Against CITY OF NEWARK is Barred Under Government Code section 815 ........ 3

2. Plaintiff Has Failed to Allege Sufficient Facts to Establish Liability Against CITY OF NEWARK Under 42 U.S.C. §1983 ........ 5

IV. CONCLUSION ........ 7

Selman Breitman LLP
ATTORNEYS AT LAW

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*Allen v. City of Portland*
73 F.3d 232 (9th Cir. 1996) .............................. 5

*Balistreri v. Pacifica Police Department*
901 F.2d 696 (9th Cir. 1990) .............................. 3

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007) .............................. 3

*City of Okl. City v. Tuttle*
471 U.S. 808 (1985) .............................. 6

*Collins v. City of Harker Heights*
503 U.S. 115 (1992) .............................. 6

*Galen v. County of Los Angeles*
477 F.3d 652 (9th Cir. 2007) .............................. 5

*Johnson v. Duffy*
588 F.2d 740 (9th Cir. 1978) .............................. 5

*Monell v. Department of Social Services*
436 U.S. 658 (1979) .............................. 5, 6

*Navarro v. Block*
72 F.3d 712 (9th Cir. 1995) .............................. 6

*Robertson v. Dean Witter Reynolds, Inc.*
749 F.2d 530 (9th Cir. 1984) .............................. 3

*Whitaker v. Garcetti*
486 F.3d 572 (9th Cir. 2007) .............................. 5, 6

*Wood v. City of El Cajon*
2007 WL 2462117, 2007 U.S.Dist. LEXIS 63373
(S.D.Cal. 2007) .............................. 5, 6

### STATE CASES

*Lopez v. So. Cal. Rapid Transit District*
40 Cal.3d 708 (1985) .............................. 4,5

*Rodriguez v. Inglewood Unified School District*
186 Cal.App.3d 707 (1986) .............................. 5

*Tolan v. State of California ex rel. Department of Transportation*
100 Cal.App.3d 980 (1979) .............................. 4

Selman Breitman LLP
ATTORNEYS AT LAW

## TABLE OF AUTHORITIES
(Continued)

Page

STATE CASES (con't)

*Williams v. Horvath*
16 Cal.3d 834 (1976) .................................. 4

FEDERAL STATUTES

42 U.S.C. §1983 ........................................ 5

STATE STATUTES

Gov. Code §815 ......................................... 4

Gov. Code §815(a) ...................................... 4



Selman Breitman LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

Defendants CITY OF NEWARK, CALIFORNIA (hereafter "CITY OF NEWARK"); ROBERT DOUGLAS (hereafter "DOUGLAS"); RICHARD LOPEZ (hereafter "LOPEZ"); and WILLIAM (BILL) SHAFFER (hereafter "SHAFFER") (hereafter referred to collectively as "NEWARK" or "defendants") bring this motion to dismiss plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted.

This motion is brought on the grounds that the first and second causes of action brought by plaintiff Shirin Shervin against CITY OF NEWARK are barred as the complaint does not allege that the unlawful action was part of a policy or custom implemented by CITY OF NEWARK.

As plaintiff Shirin Shervin cannot state a claim under 42 U.S.C. §1983, the court should dismiss the first and second causes of action as alleged by plaintiff Shirin Shervin.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

On January 31, 2008, plaintiff Shirin Natalie Shervin filed a complaint against defendants; and Does 1 to 100, inclusive. The matter was removed to this Court by defendants on March 26, 2008. Plaintiff alleges that on or about December 7, 2006, plaintiff Shirin Natalie Shervin and her father, Amir Shervin, were on the back deck of a house belonging to a friend, Hooshang Bastan, at 5158 Hebrides Court in Newark California. (Complaint ¶8-9).

Plaintiff alleges that three members of the Newark Police Department, DOUGLAS, LOPEZ and SHAFFER approached plaintiff and her father while they were on the back deck. (Complaint ¶11).

Selman Breitman LLP
ATTORNEYS AT LAW

Plaintiff alleges that she was later informed the officers were executing an arrest warrant, naming plaintiff's father, that was issued out of San Francisco. (Complaint ¶13). Plaintiff alleges that at the time the three police officers approached plaintiff and her father, the officers never stated to plaintiff's father that he was under arrest or gave any reason to plaintiff or her father for the officers' ensuing conduct. (Complaint ¶14).

Next, plaintiff alleges that Officer DOUGLAS grabbed plaintiff's father's right hand and twisted it behind her father's back. (Complaint ¶15). At the same time, one of the other defendant officers grabbed her father's left hand and twisted it behind her father's back. (Complaint ¶16). Plaintiff alleges that one or more of the defendant officers then kicked her father's feet out from under him, causing him to land on the back of his head and his back, with his arms behind him. (Complaint ¶17).

Plaintiff alleges that she feared for her father's safety and well-being, and plaintiff ran to one of the defendant officers and tried to push him off of her father. (Complaint ¶19). Plaintiff alleges she was thrown to the ground by one or more of the defendant officers, and one of the officers then sat on her, allegedly causing extreme pain to her head, neck and body. (Complaint ¶19).

Plaintiff alleges she saw her father dragged from the back deck by his arms, with his hands handcuffed behind his back. (Complaint ¶20). Plaintiff alleges that at no time did plaintiff see her father attempt to resist arrest or to make any combative threatening gestures toward any of the named defendant officers.

(Complaint ¶21). One or more of the defendant officers then handcuffed plaintiff and took her away by police car. (Complaint ¶23).

Plaintiff asserts two causes of action: (1) Use of Excessive Force; and (2) Violation of Fourth Amendment Rights. Both causes of action are alleged against all defendants.

**III. POINTS AND AUTHORITIES**

**A. LEGAL STANDARDS**

Under F.R.Civ.P. 12(b)(6), a district court must dismiss a cause of action if it fails to state a claim upon which relief can be granted. Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). "A motion to dismiss should be granted if the plaintiff is unable to delineate 'enough facts to state a claim of relief that is plausible on its face.'" Wood v. City of El Cajon, 2007 WL 2462117, 2007 U.S.Dist. LEXIS 63373 (S.D.Cal. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)).

**B. PLAINTIFF SHIRIN SHERVIN HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT HER CLAIMS AGAINST CITY OF NEWARK**

**1. Plaintiff's Claim for Use of Excessive Force Against CITY OF NEWARK is Barred Under Government Code section 815**

Plaintiff asserts causes of action for Use of Excessive Force and Violation of Fourth Amendment Rights. Plaintiff has brought her claims against the officers involved and against CITY

Selman Breitman LLP
ATTORNEYS AT LAW

OF NEWARK, a municipality. (Complaint ¶2). However, plaintiff has failed to allege sufficient facts to support her claims against CITY OF NEWARK.

CITY OF NEWARK, as a public entity, is immune from liability under all common law theories, for any injury that that results, regardless of whether such injury arises out of an act or omission of the public entity, a public employee or any other person. Government Code section 815(a) sets forth in pertinent part:

> . . . a public entity is not liable for any injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

The California Supreme Court has explained the effect of section 815 as follows:

> Government Code section 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute. Thus the intent of the act is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances . . .

Williams v. Horvath, 16 Cal.3d 834, 838 (1976). Government Code section 815, et seq., which is part of the California Tort Claims Act, abolished all common law tort liability for public entities and limited such liability to that specifically imposed by statute. Gov. Code § 815; see also, corresponding Legislative Comm. Comment; Tolan v. State of California ex rel. Dept. of Transportation, 100 Cal.App.3d 980, 986 (1979). As such, ". . . in California, all government tort liability must be based on statute." Rodriguez v. Inglewood Unified School Dist., 186 Cal.App.3d 707, 716 (1986) (citations omitted); Lopez v. So. Cal.

Rapid Transit Dist., 40 Cal.3d 708, 795 (1985).

Plaintiff's first cause of action for Use of Excessive Force is not based upon any statute, and does not state a proper cause of action against CITY OF NEWARK. As such, plaintiff's first cause of action for Use of Excessive Force alleged against CITY OF NEWARK is barred.

**2. Plaintiff Has Failed to Allege Sufficient Facts to Establish Liability Against CITY OF NEWARK Under 42 U.S.C. §1983**

42 U.S.C. section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law. 42 U.S.C. §1983; Allen v. City of Portland, 73 F.3d 232, 235 (9th Cir. 1996). "A person deprives another of a constitutional right, within the meaning of §1983, if he commits an affirmative act or omits to perform an act that causes a plaintiff to be deprived of [his] rights." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). Rather, when an individual sues a municipality for violation of a constitutional right, the municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." Monell, 436 U.S. at 694-695; Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007). As such, in order to hold a municipal entity liable, plaintiff must demonstrate that the unlawful governmental action

Selman Breitman LLP
ATTORNEYS AT LAW

was part of the municipality's policy or custom.  Monell, 436 U.S. at 694-695.

In the instant case, plaintiff has failed to set forth a single allegation regarding any policy, custom or practice of CITY OF NEWARK, including one supporting the alleged constitutional violation.  In fact, the only allegation specific to CITY OF NEWARK is that defendants DOUGLAS, LOPEZ and SHAFFER were acting within the scope of their employment with defendant CITY OF NEWARK at the time of the incident.  (Complaint ¶37).  However, the law is clear that "a municipality cannot be held liable under [42 U.S.C.] §1983 on a *respondeat superior* theory."  Monell, 436 U.S. at 691; Whitaker, 486 F.3d at 581.  Plaintiff's failure to establish that the alleged unlawful government action was part of CITY OF NEWARK's policy, custom or practice is fatal to plaintiff's second cause of action.

Further, plaintiff's complaint alleges a single incident of misconduct on the part of the defendant officers.  Municipal liability may not be based on random acts or single instances of misconduct.  Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992); Navarro v. Block, 72 F.3d 712, 714 (9th Cir. 1995).  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."  City of Okl. City v. Tuttle, 471 U.S. 808, 824 (1985).  Plaintiff's complaint fails to establish that the alleged unconstitutional action was anything other than a single, isolated incident, which occurred in the absence of any

unconstitutional municipal policy, and plaintiff's claim against CITY OF NEWARK cannot survive.

The factual allegations set forth in plaintiff's complaint as against CITY OF NEWARK do not demonstrate that any unlawful governmental action was part of the municipality's policy, custom or practice. Absent these allegations, plaintiff Shirin Shervin is unable to state a claim for relief against CITY OF NEWARK. Thus, plaintiff's claims against CITY OF NEWARK fail. These defects in the complaint cannot be cured, and this Motion to Dismiss the first and second causes of action brought by plaintiff against CITY OF NEWARK should be granted with prejudice.

## IV. CONCLUSION

For the reasons set forth above, defendants respectfully request that this motion to dismiss be granted and that the first and second causes of action brought by plaintiff Shirin Shervin against CITY OF NEWARK be dismissed, with prejudice.

DATED: April 22, 2008 SELMAN BREITMAN LLP

By: [signature]
GREGG A. THORNTON
DANIELLE K. LEWIS
Attorneys for Defendants
CITY OF NEWARK, CALIFORNIA;
ROBERT DOUGLAS; RICHARD LOPEZ;
WILLIAM (BILL) SHAFFER

Selman Breitman LLP
ATTORNEYS AT LAW

# PROOF OF SERVICE

Shirin Natalie Shervin v. City of Newark, et al.

United States District Court Northern District of California Case No. CV 08 1632 VRW

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **April 22, 2008**, I served the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEWARK'S MOTION TO DISMISS** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| James P. Swanseen, Esq.<br>Attorney at Law<br>43 Dowitcher Way<br>San Rafael, CA 94901<br>Tel: (415) 571-6403 | Attorney For Plaintiff SHIRIN NATALIE SHERVIN |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FEDERAL EXPRESS for delivery to the addressee(s).

☐ **BY E-MAIL**: I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX**: I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I caused a copy of the foregoing document(s) to be delivered by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 22, 2008**, at San Francisco, California.

Laura Talesnik

LAURA TALESNIK

Selman Breitman LLP
ATTORNEYS AT LAW